FLANNEGAN, ABELL & COMPANY *et al.*, plaintiffs in error, *vs.* HARDEMAN & SPARKS *et al.*, defendants in error.

Application was made by the creditors against their debtor for the appointment of a receiver, and for an injunction against a third person, who was also a party defendant, to restrain him from disposing of certain cotton alleged to be fraudulently in his possession. A receiver was appointed, but the injunction was refused. Subsequently other creditors applied to be made parties complainants by amendment, alleging additional grounds for the injunction and making certain warehousemen defendants, in whose possession a portion of the cotton was charged to be, as bailees for the original defendant, and asking for the injunction against the warehousemen. The chancellor refused this injunction also, and certified in the bill of exceptions that the receiver was appointed without opposition and by consent of parties, and on the further agreement that no injunction should issue as to the cotton, and that he held that the other creditors who became parties to the proceedings were bound by this agreement:

*Held*, that there was no error in the refusal of the injunction—the more especially as there is no charge of the insolvency either of the bailees or claimant of the cotton, and no reason shown why a decree against the claimant, which may be had in this case, would not be available to complainants.

Equity. Injunction. Debtor and creditor. Receiver. Parties. Before Judge HILL. Twiggs county. At Chambers. July 25th, 1874.

Flannegan, Abell & Company, for themselves and other creditors that might become parties thereto, filed their bill against Vickers & Hughes and Benjamin H. Hill, alleging, in brief, as follows :

Vickers & Hughes were planters on a large scale, owning and controlling several plantations, both as partners and as individuals. For the purpose of carrying on such business they procured large advances from complainants, upon which there now remains due a net balance of $15,397 16. Said defendants agreed, in consideration of such advances, to ship to complainants, who were factors and commission merchants, their entire crop of cotton made in the year 1873. This they have failed to do. They have become insolvent, have fraud-

Flannegan, Abell & Company *et al. vs.* Hardeman & Sparks *et al.*

ulently combined with Benjamin H. Hill to prevent their assets being disposed of for the benefit of their creditors, and have, in pursuance of such preconcerted plan, turned over to said Hill six hundred bales of cotton of the crop of 1873. Pray the writ of injunction and the appointment of a receiver.

Without argument, and by consent of the counsel for the respective parties then before the court, on December 23d, 1873, the writ of injunction was ordered to issue against the disposition of any property of Vickers & Hughes, whether individual or partnership, and a receiver was appointed to take charge of the same. As a part of this agreement between counsel, the injunction and the appointment of a receiver were both refused as to the six hundred bales of cotton alleged to have been transferred to Benjamin H. Hill.

Subsequently other creditors of Vickers & Hughes became parties to said bill by amendment. They alleged additional grounds why said Hill should be enjoined as to the disposition of the cotton which had passed into his hands; charged that a portion of said cotton was then in the hands of Hardeman & Sparks, warehousemen; made said Hardeman & Sparks, and others not material to be here set forth, parties defendant, and prayed that said Hill be enjoined from selling the cotton turned over to him as aforesaid; that he be directed to turn over the same, or its proceeds, or whatever it may have been invested in, to the receiver; and that Hardeman & Sparks be directed to turn over to said receiver the cotton in their hands or its proceeds.

There was no charge of insolvency made either against Benjamin H. Hill or Hardeman & Sparks. Voluminous answers and affidavits were read upon the hearing, unnecessary to be set forth.

The chancellor refused the orders prayed for, holding that the new parties were bound by the agreement entered into by their predecessors under which the injunction, as to the disposition of the property of Vickers & Hughes issued, and the receiver was appointed; that so long as they pressed their

claims under this bill, they were bound by what had been heretofore done in the process of the litigation.

To this decision complainants excepted.

R. F. LYON; LANIER & ANDERSON, for plaintiffs in error.

B. H. HILL & SONS, for defendants.

TRIPPE, Judge.

The majority of this court was inclined to put the affirmance of the judgment of the chancellor on the ground upon which he rested it. For myself the fact that there was no charge made in the bill showing that the defendants, Hill or Hardeman & Sparks, were insolvent or unable to respond for the eighteen bales of cotton, or to any decree that might be obtained against them, when taken in connection with the reason assigned by the judge for his refusal to appoint a receiver, etc., makes a pretty clear case for affirming the judgment: See sections 274 and 3098, Code.

Judgment affirmed.